**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Eric Alcantar, | Case No. 2:26-cv-00683-JAD-DJA |
| Petitioner | **AMENDED[1] Order Granting in Forma Pauperis Status, Appointing Counsel, Directing Service of 28 U.S.C. § 2241 Petition, and Setting a Briefing Schedule** |
| v. | |
| Pamela Bondi, *et al*., | |
| Respondents | [ECF Nos. 1, 1-2] |

Petitioner Eric Alcantar, an immigration detainee who is challenging the lawfulness of his federal detention at Nevada Southern Detention Center, has filed a pro se petition for federal habeas corpus relief under 28 U.S.C. § 2241, moved for leave to proceed in forma pauperis (IFP), and moved for the appointment of counsel.[2]  I find that good cause exists to grant the petitioner's IFP motion, so Alcantar may proceed without paying the filing fee for this action.

Broadly construing the petition, the petitioner asserts that his detention is unlawful under the Supreme Court's decision in *Zadvydas v. Davis,* 533 U.S. 678 (2001).[3]  But the petition's sole allegations are that the petitioner has been subjected to "prolonged detention" and that he was taken into custody on January 23, 2026.[4]  Without more, this is insufficient to permit this court to determine if the petitioner has already been subject to the 90-day mandatory removal period under 8 U.S.C. § 1231(a)(1)(A) or detained beyond the six-month period deemed presumptively reasonable in *Zadvydas*.  So I defer ruling on the petition, but I also find that

---

[1] This order is amended to add a deadline for the FPD to file either an amended petition or a motion to dismiss that was inadvertently left out of the first order.  *See infra* p. 2:13–14.  The 30-day deadline will run from the date of this amended order.

[2] ECF Nos. 1, 1-1, 1-2.

[3] ECF No. 1-1 at 5.

[4] *Id*. at 1, 5.

appointment of counsel is in the interests of justice due to the potential complexities of this case and to permit counsel to file an amended petition if warranted.[5]  I also direct that the petition be served on the United States Attorney's Office for the District of Nevada.

IT IS THEREFORE ORDERED that the motion for leave to proceed IFP **[ECF No. 1] is GRANTED**.

IT IS FURTHER ORDERED that the motion for appointment of counsel **[ECF No. 1-2] is GRANTED**.  **The Federal Public Defender for the District of Nevada (FPD) is appointed to represent the petitioner** and is directed to file a notice of appearance (or indicate its inability to represent the petitioner) within 7 days of the date of this order.  If the FPD is unable to represent the petitioner because of a conflict of interest or for any other reason, alternate counsel will be appointed. Appointed counsel will represent the petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.  If the FPD files a notice of appearance in this matter it must, **within 30 days from the date of this order**, file either (1) an amended petition or (2) a motion to dismiss the petition. The FPD must effectuate service of the amended petition, if one is filed, on the respondents.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to:

1. **FILE** the petition (ECF No. 1-1);

2. **SEND** a copy of the petition (ECF No. 1-1) and this order to the FPD at ecf_nvchu@fd.org, the petitioner, and the CJA Coordinator for this division;

---

[5] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or when the interests of justice so require. 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

3. **ADD** the United States Attorneys' Office for the District of Nevada to the docket as an Interested Party. Under the District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.  The United States Attorneys' Office is not required to file a response to the petition at this time;

4. **MAIL** a copy of the petition (ECF No. 1-1) and this order under Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave. Pahrump, NV 89060; and

5.  **SEND** a copy of the petition (ECF No. 1-1) and this order to Ashley Hesman at ahesman@strucklove.com.

IT IS FURTHER ORDERED that **the respondents must not transfer the petitioner out of this district**, with the exception of effectuating the petitioner's lawful deportation.[6]  In the event of a lawful deportation, respondents' counsel must file a notice with the court within 5 days after deportation.

_____
U.S. District Judge Jennifer A. Dorsey
March 16, 2026

---

[6] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").